UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JORGE OLIVARES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-2397-CM-TJJ |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION a/k/a AMTRAK, | ) |
| BNSF RAILWAY COMPANY, and | ) |
| CIMARRON CROSSING FEEDERS, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave of Court to File Second Supplemental and Amended Complaint for Damages (ECF No. 63). Pursuant to Fed. R. Civ. P. 15(a), Plaintiff seeks leave to amend and supplement his prior complaint to assert a claim under the Locomotive Inspection Act against Amtrak, as set forth in his proposed Second Supplemental and Amended Complaint for Damages. In support of his motion, Plaintiff alleges that at the time of the train derailment the illumination provided by the headlight mounted to the lead locomotive for the train of which Plaintiff was a crewmember failed to comply with applicable federal regulations including, but not limited to 49 C.F.R. 229.125, in violation of the Locomotive Inspection Act ("LIA").[1] Plaintiff states in his motion that recent discovery warrants the supplementation and amendment of his complaint.

---

[1] 45 U.S.C. § 20701, *et seq*.

Defendants National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak") and BNSF Railway Company ("BNSF") oppose the motion. They argue that Plaintiff makes no effort to establish good cause for his much belated attempt to add the new LIA claim against Amtrak—a claim Plaintiff seeks to assert months after the November 22, 2017 scheduling order deadline for filing motions to amend the pleadings. Amtrak and BNSF also argue Plaintiff does not mention any discovery that he conducted or any "diligent efforts" on his part to establish or timely investigate the basis for the new headlight-based LIA claims. According to Amtrak and BNSF, Plaintiff is merely riding the coattails of the intervenor train passengers in another case arising from the same derailment, *National Railroad Passenger Corp., et al. v. Cimarron Crossing Feeders*, (the "Main Derailment case").[2]

Once the deadline for amendment as a matter of course under Fed. R. Civ. P. 15(a)(1) has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[3] If the party seeking leave to amend its pleading files its motion after the deadline set in the scheduling order, the moving party must also satisfy Rule 16(b)(4)'s good cause requirement.[4] A party seeking leave to amend the pleadings after expiration of the scheduling order deadline therefore must demonstrate both: "(1) good cause for seeking modification [of the scheduling order's deadline] under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[5]

---

[2] D. Kan. Case No. 16-cv-1094-JTM.

[3] Fed. R. Civ. P. 15(a)(2).

[4] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n,* 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so").

[5] *Id.* at 1240.

Fed. R. Civ. P. 16(b)(4) provides that deadlines set in the scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has indicated that Rule 16's good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed," but it is not satisfied "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [the] claims."[6] If the moving party meets the Rule 16(b)(4) good cause standard, the court then considers whether the requested amendment should be allowed under Rule 15(a).

Rule 15(a)(2) instructs the court to "freely give leave [to amend the pleadings] when justice so requires." The Supreme Court has listed the following as reasons justifying denial of leave to amend under Rule 15: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[7] Untimeliness is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.[8] "A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[9] The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."[10]

---

[6] *Id.*

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[9] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[10] *Id.* (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004)).

Plaintiff's one-page motion, with no memorandum in support or reply brief, offers one lone sentence attempting to show good cause for his untimely request to amend his complaint. It states that "[r]ecent [d]iscovery in the captioned proceedings has revealed information warranting supplementation and amendment." This minimal and vague recitation provides no explanatory details concerning Plaintiff's efforts to obtain, or the timing of, the referenced "recent discovery." Nor does Plaintiff's motion shed any light on why his proposed locomotive headlight LIA claim and allegations were not asserted in his First Supplemental and Amended Complaint for Damages, which he requested leave to file on April 23, 2018, two months before his present motion. The Court, however, notes from the docket that Amtrak and BNSF previously moved to consolidate discovery on liability issues with the Main Derailment case, and the order denying consolidation specifically states that it does not preclude the parties from sharing discovery on common liability issues between the two cases (ECF No. 33). The Court presumes Plaintiff's present motion seeking leave to add the proposed LIA claim against Amtrak is the result of recent discovery conducted in the Main Derailment case, which led to headlight-based claims being asserted in that case. Between the time Plaintiff filed his first motion and his second pending motion to amend, the Court held the initial pretrial conference in the Main Derailment case on May 14, 2018, at which Amtrak and BNSF objected to Intervenor train passengers' assertion of locomotive headlight claims based upon 49 C.F.R. 229.125 in the proposed pretrial order as not previously pled. The Court ultimately allowed the headlight-based claims in the Main Derailment case.[11]

---

[11] *See* Pretrial Order on Liability Issues at 15 (ECF No. 461) in the Main Derailment Case (16-cv-1094-JTM).

Despite Plaintiff's marginal showing of good cause, the Court will grant Plaintiff's motion requesting leave to amend his complaint to add the proposed locomotive headlight LIA claim and allegations. Plaintiff filed his present motion on June 26, 2018, nearly seven months after the scheduling order deadline. However, this was not Plaintiff's first motion seeking leave to amend his complaint after the scheduling order deadline. Plaintiff filed his first motion (ECF No. 50) on April 23, 2018—months after the scheduling order deadline and in response to Defendant Amtrak's Motion for Judgment on the Pleadings. After being granted leave, Plaintiff filed his First Supplemental and Amended Complaint for Damages (ECF No. 55) on June 4, 2018. One of the allegations added by that amended complaint was that Amtrak failed "to provide and/or maintain reasonably safe headlights (i.e., properly aligned, sufficient lumens, etc.) on the lead locomotive of its train."[12] Amtrak and BNSF therefore should not be surprised by the addition of Plaintiff's proposed LIA claim and allegations. In addition to Plaintiff's first amended complaint already asserting headlight-based allegations, the federal regulation referenced by Plaintiff's proposed amendment was an issue raised in the Main Derailment case. Amtrak and BNSF will not be unduly prejudiced by the requested amendment at this point in this case, particularly given the short amount of time (22 days) between the filing of Plaintiff's First Supplemental and Amended Complaint for Damages and his present motion, as well as Amtrak and BNSF's knowledge of the discovery precipitating the headlight-based claims asserted in the Main Derailment case. Finally, keeping in mind Rule 15's directive to "freely give leave when justice so requires," the Court concludes that justice is best served by allowing the proposed amendment.

---

[12] Pl.'s First Supp. & Am. Complt. ¶ 36(g) (ECF No. 55).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave of Court to File Second Supplemental and Amended Complaint for Damages (ECF No. 63) is GRANTED. Plaintiff shall electronically file his proposed Second Supplemental and Amended Complaint for Damages **within seven (7) days** of the date of this Order.

**IT IS FURTHER ORDERED THAT** the final Pretrial Conference, previously set for September 21, 2018, is hereby continued to **September 24, 2018 at 1:30 p.m.** (central time). Participating counsel must dial **1-888-363-4749** and enter Access Code **4901386** to join the conference. The deadline for submitting the proposed pretrial order is extended to **September 17, 2018**.

IT IS SO ORDERED.

Dated this 24th day of August 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge